UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**In re:**

    **Evelyn Townsend,**

        **Plaintiff,**

  **vs.**                                      **Adv. Proc. No. 13-00129**

    **Direct Buy,**

        **Defendant.**

**MEMORANDUM OPINION**

This adversary proceeding is before the Court following an evidentiary hearing on damages held on February 13, 2014 on the Complaint filed by Evelyn Townsend. Appearing at the hearing was Rebecca Bozeman, counsel for the Plaintiff, Evelyn Townsend, Plaintiff, Mary Frances Fallaw, Staff Attorney for Chapter 13 Trustee. The Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334(b). This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A). This Court has considered the pleadings, the arguments of counsel, the testimony of the Debtor, and the law, and finds and concludes as follows.[1]

**FINDINGS OF FACT**[2]

On October 27, 2011 the Debtor filed this chapter 13 petition, she proposed a repayment plan that was confirmed on January 19, 2012 and in August 2013 she completed her plan

---

[1] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to contested matters in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Bankruptcy Procedure 9014.

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

1

payments and the case was paid in full. The Debtors listed Beta Finance/Direct Buy as an unsecured creditor on Schedule F of her schedules and the Defendant was sent a *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines*. The Defendant did not file a proof of claim but apparently continued to deduct $100.00 per month from the Debtor's checking account after the case was filed for 21 months.

Prior to entry of the discharge order on February 12, 2014, the above styled adversary proceeding was filed on September 29, 2013 against the Defendant for violation of the automatic stay. Debtor's Counsel filed a certificate of service on November 5, 2013 reflecting that the Defendant was served with an alias summons and complaint. The alias summons informed the Defendant that an answer or response was due within 30 days of service of the summons and set a pre-trial hearing for December 9, 2013. The Defendant did not file an answer or otherwise appear and an entry of default was entered against the Defendant from her checking account and none of the funds have been returned or refunded to her. At the evidentiary hearing, the Defendant again failed to appear. The Debtor testified and provided documents to reflect that the Defendant had deducted a total of $2,100.00. The Court scheduled this evidentiary hearing for February 13, 2014 to allow the Debtor to prove damages and notice of the hearing was sent to the Defendant.

The $2,100.00 reflects the Debtor's actual damages which consisted of the twenty one debits of $100.00 each from her checking account. Counsel for the Debtor submitted that she spent 5.2 hours (not including the actual time for the hearing which was about 30 minutes) on this matter and that her hourly rate is $225.00 per hour. Counsel for the Debtor submitted no expenses.

**CONCLUSIONS OF LAW**

2

## A. Violation of the Automatic Stay

To provide for an orderly liquidation or reorganization, the Bankruptcy Code stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). This automatic stay arises by operation of law at the moment the bankruptcy petition is filed regardless of whether affected parties have notice of the filing. 11 U.S.C. § 362(a). See also, e.g., Ford v. A.C. Loftin, et al., (In re Ford), 296 B.R. 537, 542 (Bankr. N.D. Ga. 2003).

The Defendant has not appeared and has not disputed that its actions, in debiting the Debtor's checking account post-petition on many occasions, violated the automatic stay. The Defendant failed to appear at either hearing and failed to file a response or answer. Therefore, having found that a violation of the automatic stay occurred, the Court is left only to determine whether the violation was willful and if an award of damages is appropriate.

## B. Damages

### 1. Actual Damages

Section 362(h) of the Bankruptcy Code provides "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h). A creditor acts with willfulness, for purpose of § 362, when he acts deliberately with knowledge of a bankruptcy petition even if his actions are not intentionally meant to violate the stay. See In re Parker, 279 B.R. 596, 603 (Bankr. S.D. Ala. 2002). See also Jove Eng'g, Inc. v. I.R.S. (In re Jove), 92 F.3d 1539, 1555 (11th Cir. 1996) ("willfulness generally connotes intentional action taken with at least callous indifference for the consequences"). Where a creditor is provided actual notice of the bankruptcy, any violation of the stay must be presumed

3

Case 13-00129-TOM    Doc 22    Filed 02/28/14    Entered 02/28/14 15:20:15    Desc Main
Document      Page 3 of 5

to be deliberate. Smith v. Homes Today, Inc, et al. (In re Smith), 296 B.R. 46, 55 (Bankr. M.D. Ala. 2003). The Defendant was sent a *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines* (doc. no. 8) on October 27, 2011. Despite receiving notice of the bankruptcy, the Defendant collected on a pre-petition debt post-petition without leave of the Court to do so.

Based on the foregoing, the Court finds the Defendant's conduct, after receiving written notice of the bankruptcy filing, constitutes a willful violation of 11 U.S.C. § 362(a)(3). The Debtor is therefore entitled to actual damages pursuant to 11 U.S.C. § 362(h). The Court finds that the Debtor suffered actual damages of $2,100.00, the amount debited. The Court also awards costs and attorneys' fees of $1,350.00 to the Debtor's attorney (6 hours @ $225.00 per hour).

### 2. Punitive Damages

Section 362(h) also grants this Court discretion to award punitive damages in "appropriate circumstances." 11 U.S.C. § 362(h). Determining what constitutes "appropriate circumstances" is left to this Court's discretion. See Smith, 296 B.R. at 56.

The Defendant was listed and scheduled. Notice of the bankruptcy was sent to the Defendant. Despite this, the Defendant collected twenty one times on a pre-petition unsecured debt post-petition. This or any Defendant's familiarity or lack thereof with the Bankruptcy Code, would not excuse its actions or its blatant disregard for the law.

Therefore, based on the foregoing, the Court finds the Debtor is entitled to punitive damages of $5,000.00. Accordingly, it is hereby

4

Case 13-00129-TOM    Doc 22    Filed 02/28/14    Entered 02/28/14 15:20:15    Desc Main
Document      Page 4 of 5

**ORDERED, ADJUDGED AND DECREED** that a **JUDGMENT** is hereby rendered against the Defendant in favor of the Plaintiff in the amount of $2,100.00 plus attorneys fees of $1,350.00 as actual damages and $5,000.00 for punitive damages.

Dated this the 28th day of February, 2014.

/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge